UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 06-306 (TFH) |
| : | |
| MICHAEL DANIEL RICHARDS, : | |
| RUSSELINE DENIEL MILES, : | |
| CHRISTOPHER FLEMING, : | |
| : | |
| Defendants. : | |

**MOTION FOR MODIFICATION OF PRETRIAL DETENTION ORDER**

Christopher Fleming, through undersigned counsel, respectfully moves this Honorable Court for a modification of Judge Collyer's pretrial detention order, and requests that he be released into the electronic home monitoring program administered by the Heightened Intensive Supervision division of Pre-Trial Services.

As grounds for this motion, counsel states:

1.      On September 26, 2006, Mr. Fleming along with his co-defendants were arrested and charged via complaint with One Count of Unlawful Distribute of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1). Mr. Fleming made his initial appearance on September 28, 2006, at which time he was temporarily detained until his consolidated preliminary and detention hearing which was set for October 2, 2006. At the preliminary hearing held on October 2, 2006, Detective Quigley testified about an undercover narcotics operation that involved drug transactions that occurred on August 18, 2006, August 29, 2006, September 22, 2006, and September 26, 2006. According to Detective Quigley's testimony, the only alleged date in which Mr. Fleming actively participated in a drug transaction was August 29, 2006. At the end of the preliminary hearing, Magistrate Robinson found probable cause as to the charge against Mr.

Fleming. However, Magistrate Robinson released Mr. Fleming into the High Intensity Supervision Program with drug testing.

2. On October 3, 2006, Mr. Fleming completed orientation for the High Intensity Supervision Program. However, on October 10, 2006, Mr. Fleming tested positive for cocaine. In response to this infraction, Mr. Fleming's curfew was changed from 10 pm - 6 am, to 8 pm - 6 am.

3. On October 12, 2006, Mr. Fleming along with his co-defendants, Michael Richards and Russeline Miles were charged in a six-count indictment in Criminal Case No. 06-306. All three of the defendants are charged with the following: Count One - Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance, in violation of 21 U.S.C. § 856(a)(2); Count Two - Unlawful Distribute of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Three - Unlawful Distribute of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Four - Unlawful Distribute of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; Count Five - Unlawful Distribute of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; and Count Six - Unlawful Distribute of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2.

4. On October 17, 2006, Mr. Fleming reported in-person to the office of Pretrial Services, at which time he was arrested because a failure to appear warrant was issued in

Salisbury, Maryland. Mr. Fleming has a pending misdemeanor possession of marijuana case in Salisbury, Maryland, however he was unable to appear at his last court appearance because of his detention in this case. Ultimately the judge in Salisbury, Maryland quashed the warrant and Mr. Fleming was again released.

5. On October 19, 2006, Mr. Fleming was brought back before Magistrate Robinson to be arraigned on the indictment filed on October 12, 2006. During this hearing, the government requested that Mr. Fleming's bond be revoked. Magistrate Robinson denied the government's request to revoke bond because there was nothing new in the indictment that she had not considered in her initial assessment to release him into the High Intensity Supervision Program.

6. The government filed an emergency motion to review and appeal of Magistrate Robinson's release orders on October 20, 2006. On this same day, Judge Collyer granted the government's motion for review and set a hearing on October 23, 2006. Judge Collyer intervened in this matter as the motions judge, in light of the fact that this Court was in a lengthy trial in the matter of U.S. v. Palmera Pineda, 04-232.

7. On October 23, 2006, both undersigned counsel and government counsel appeared, however Mr. Fleming was not present. Upon representations made by undersigned counsel as to the whereabouts of Mr. Fleming, a new date was set for October 26, 2006.

8. On October 24, 2006, Mr. Fleming reported to Pretrial Services for his weekly scheduled in person check-in.

9. On October 26, 2006, Judge Collyer conducted a bond review hearing at which time she overruled the Magistrate's pretrial release determination and detained Mr. Fleming. As stated her detention order, Judge Collyer found that Mr. Fleming is a "crack addict and dealer

facing a lengthy federal prison sentence."

10. Since October 26, 2006, Mr. Fleming has been incarcerated at the Correctional Treatment Facility (C.T.F.). During his incarceration at C.T.F., Mr. Fleming has been positively addressing his substance abuse addiction and participated in a 60-day drug treatment program which he completed on February 13, 2007.[1] In addition to the drug treatment program, Mr. Fleming is a teacher's aid for a life skills course taught to other inmates at C.T.F. and also participates in a graphics arts class. Further, Mr. Fleming is addressing his mental health issues and is currently taking a regime of medications.

Based upon Mr. Fleming's successful completion of the only drug treatment program offered by the D.C. Department of Corrections, Mr. Fleming requests that this Court grant his Motion to Modify his bond. During his four months of incarceration at C.T.F., Mr. Fleming has made significant progress in addressing his substance abuse issues. In light of this progress, Mr. Fleming believes this Court could set release conditions to include electronic home monitoring administered by the Heightened Intensive Supervision division of Pretrial Services or placement in a in-patient drug treatment program as directed by Pretrial Services.

## ARGUMENT

Congress enacted the Bail Reform Act of 1984 to give courts the authority to consider factors such as the likelihood of flight and community safety in making release determinations. In passing the Act, however, Congress did not intend to authorize the wholesale pretrial incarceration of all persons accused of criminal offenses. Indeed, the Act expressly provides that

---

[1] Attached to this motion is a certificate of completion of the D.C. Lifeline Substance Abuse Education Community Program.

4

"[n]othing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S. Code Section 3142(j). To the contrary, the passage of the pretrial detention provision of the 1984 Act bespeaks a recognition that "there is a small but identifiable group of particularly dangerous [persons] as to whom neither the imposition of stringent release conditions nor the prospect of revocation of release can reasonably assure the safety of the community or other persons. It is with respect to this limited group ... that the courts must be given the power to deny release pending trial." S. Rep. No. 225, 98th Cong., 1st Sess. 6-7, reprinted in U.S. Code Cong. & Ad. News 3189 (emphasis supplied). Mr. Fleming is not within that limited group.

It is apparent from the Act's legislative history, as well as the statutorily mandated consideration of the least restrictive alternatives to detention, that Congress contemplated pretrial detention to only a small percentage of the individuals awaiting trial.

The legislative history of the Act also stresses that '[t]he decision to provide for pretrial detention is in no way a derogation of the importance of the [accused's] interest in remaining at liberty prior to trial. It is anticipated that [pretrial release] will continue to be appropriate for the majority of federal defendants." Id. at 7, 12, reprinted in, 1984 *U.S. Code Cong. & Ad. News* 3189. Mr. Fleming is among that majority for whom a combination of conditions short of detention without bond can be fashioned to "reasonably assure" the safety of the community and his appearance for trial. United States v. Orta, 760 F.2d 887 (8th Cir. 1985). See also 18 U.S.C. §3142(c)(1)(B) (judicial officer shall order the pretrial release of an accused "subject to the least restrictive further condition or combination of conditions, that such judicial officer shall determine will reasonably assure the appearance of the person as required and the safety of any

5

other person and the community") (emphasis supplied).

Courts have recognized that, consistent with the intent expressed in the 1984 Act's legislative history, the statutory scheme of Section 3142 continues to favor release over pretrial detention. See United States v. Orta, 760 F.2d 887, 890-892 (8th Cir. 1985); United States v. Miller, 625 F. Supp. 513, 516-17 (D. Kan. 1985). In Mr. Fleming's case, his continued detention without bond is not the least restrictive alternative available that will assure the community's safety and his return for future court dates. See U.S. v. Xulam, 84 F.3d 441 (D.C. Cir. 1996).

Title 18 U.S.C. Section 3142(e) provides for pretrial detention if the government is able to show that no condition of release will reasonably assure the accused's appearance as required and the safety of any other person or the community. See United States v. Salerno, 481 U.S. 739, 741 (1987).

Mr. Fleming requests that he be released on his personal recognizance to reside with his mother, Carolyn Hudson in Upper Marlboro, Maryland. Ms. Hudson has been present at every court hearing in support of her son and has indicated that she will serve as a third party custodian if the court requires it. Alternatively, he requests that he be placed in a in-patient drug treatment program at the direction of Pretrial Services. There are conditions or a combination of conditions that the court could impose, short of pretrial detention, that would insure Mr. Fleming's appearance in court. Considering the facts above, this Court could fashion release conditions to reasonably assure the safety of the community and to reasonably assure Mr. Fleming's presence at future court appearances.

WHEREFORE, for the foregoing reasons, Mr. Fleming respectfully requests this Honorable Court to release him on his personal recognizance to the electronic home monitoring

6

program administered by the Heightened Intensive Supervision division of Pretrial Services or placement in a in-patient drug treatment program as directed by Pretrial Services.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

\_\_\_\_/s/_____

Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Cr. No. 06-306 (TFH)** |
| | : | |
| **MICHAEL DANIEL RICHARDS,** | : | |
| **RUSSELINE DENIEL MILES,** | : | |
| **CHRISTOPHER FLEMING,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

Upon consideration of the Motion for Modification of Pretrial Detention Order, it is this _____ day of _____, 2007,

**HEREBY ORDERED** that this Motion is granted.

THE HONORABLE THOMAS F. HOGAN
UNITED STATES DISTRICT CHIEF JUDGE