UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-306 (EGS) |
| | : | |
| MICHAEL DANIEL RICHARDS, | : | |
| RUSSELINE DENIEL MILES, | : | |
| CHRISTOPHER FLEMING, | : | |
| | : | |
| Defendants. | : | |

**MOTION TO SUPPRESS PHYSICAL EVIDENCE AND INCORPORATED
MEMORANDUM OF LAW IN SUPPORT THEREOF**

Christopher Fleming, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3), to suppress physical evidence, and any other evidentiary "fruits" of an illegal search of the premises located at 65 Hawaii Ave., N.E., Apt. 202, Washington, D.C. An evidentiary hearing on this motion is respectfully requested.

**Factual Background**

On September 26, 2006, members of the Metropolitan Police Department executed a search warrant dated September 25, 2006, for the premises located at 65 Hawaii Ave., N.E., Apt. 202, Washington, D.C. During the search of the apartment, the officers seized various personal papers, mail matter, a plate with a razor blade, numerous empty ziplock bags, a scale, baking soda, cash, a knife, a bag containing four rounds of .38 ammunition, and two marijuana plants. Mr. Richards was placed under arrest and was searched. From the pants pocket of Mr. Richards, the officers seized $686.00 in currency and four ziplock bags of a white rock substance. Ms.

Miles was also placed under arrest and was searched. Approximately 62 grams of cocaine base, contained in a black bag, was seized from her breast area. Mr. Fleming was also placed under arrest and was searched. A pepco bill in Mr. Fleming's name was seized from his pants pocket. All three defendants were not inside the apartment at the time of the search; however all of them were in the vicinity of the apartment.

On October 12, 2006, Mr. Fleming along with his co-defendants, Michael Richards and Russeline Miles were charged in a six-count indictment. All three of the defendants are charged with the following: Count One - Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance, in violation of 21 U.S.C. § 856(a)(2); Count Two - Unlawful Distribute of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Three - Unlawful Distribute of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Four - Unlawful Distribute of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; Count Five - Unlawful Distribute of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; and Count Six - Unlawful Distribute of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2.

**ARGUMENT**

I. **The Affidavit in Support of the Search Warrant Does Not Establish Probable Cause to Search the Premises.**

The Fourth Amendment provides:

> ...and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.

The test for probable cause for the issuance of a search warrant is whether the facts presented to the magistrate establish a "substantial probability" that the items sought will be found at the location sought to be searched. Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317 (1983).

The Fourth Amendment provides, in part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . .". The Fourth Amendment's protection against unreasonable searches and seizures has been construed to require probable cause for warrantless arrests and searches. Henry v. United States, 361 U.S. 98 (1959). Probable cause exists when, under the facts and circumstances of the situation, a person of reasonable prudence would believe that a crime has been committed or is being committed. Beck v. Ohio, 379 U.S. 89 (1964). As stated in Johnson v. United States, 333 U.S. 10, 13-14 (1948):

> [t]he point of the Fourth Amendment . . . is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

The Constitution requires that a search warrant be issued only after a showing of probable cause. The law allows police to interfere with an individual's right to be free from search and seizure only when the infringement is deemed reasonable. A warrant can only be issued when "probable cause" is shown, based on reliable information of sufficient detail, that criminal

activity or evidence of criminal activity will be found in the place to be searched. This requires that a nexus be shown between the place to be searched, the criminal activity and the items sought. The nexus requirement is important. A search warrant is not only a document authorizing a search, but also the instrument by which permissible bounds of a search are formally limited. Police officers must limit their search to places reasonably likely to reveal the items listed in the warrant. Without reasonably particularized limitations the warrant provides no protection against a generalized search, which is invalid. The tainted fruit of the improper warrant must be suppressed.

    Search warrants may be issued only upon a judicial finding of probable cause. The Fourth Amendment requires that a warrant describe with particularity "the place to be searched and the persons or things to be seized." This protection safeguards the individual's privacy interest against "wide-ranging exploratory searches." Maryland v. Garrison, 480 U.S. 79, 84 (1987).

    In the present case, the affidavit establishes only that on a single occasion, within 72 hours of September 25, 2006, an unspecified "confidential informant" entered the apartment and made a single sale of narcotics. The defendant respectfully submits that an allegation of a single sale at an unspecified time by an unspecified person up to three days prior to the issuance of the warrant does not establish probable cause to believe that there are narcotics presently in that location.

    In United States v. Richardson, 861 F.2d 291 (D.C. 1988), this Circuit noted that it is not clear that a single buy itself is sufficient to establish probable cause to search a location, absent further corroboration. In Richardson the affidavit recounted two (2) buys allegedly made by an

informant from 3531 Jay Street, N.E., Apartment 1, here in the District. The affiant then stated that he had observed the informant walking into the described location without talking with anyone else and shortly returned to the affiant with the narcotics. The language in the affidavit indicating that the affiant had seen the informant enter and leave "the described location" was false, since the evidence revealed that the affiant had only seen the informant enter the apartment complex. On appeal the defendant contended that the false statement in the affidavit vitiated probable cause under Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 264, 57 L.Ed. 2d 667 (1978). The defendant's argument was rejected because of his failure to show that the admittedly false statement was made knowingly and intentionally or in reckless disregard for the truth. Id at 294. However, the court did note that "it is unclear whether the fact of the controlled buy alone is sufficient under such circumstances to demonstrate probable cause without other corroborating evidence." Id. The court further noted that the Richardson affidavit did not supply corroborating evidence, such as that found in other cases where independent police investigation established that the person who allegedly sold the drugs to the informant was the lessor, owner, or resident of the apartment.

     Here, the affidavit alleges only the single buy. It does not allege any facts to support an inference that 65 Hawaii Avenue, N.E., Apartment 202, Washington, DC was the center of ongoing illicit drug business. There is nothing in the affidavit to indicate that the informant, while making the single purchase, observed other narcotics, narcotics paraphernalia such as packaging materials or scales, firearms, or any other indicia or description of the individual who allegedly sold the crack cocaine to the informant or nexus of that individual to the apartment. Thus, there is nothing in the affidavit to indicate that the seller was anything more than a casual

5

visitor or temporary user of the apartment.

The flimsiness of the allegations in the affidavit in this case is striking when compared with those present in reported cases which have upheld search warrants based on controlled buys in conjunction with other corroborating circumstances.  See Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697 (1960) (Informant indicated defendants kept "ready supply" of heroin in their bedroom in a specific described location in bedroom; informant had made several purchases from said location in past; affiant had also received information from other sources that named defendants, who resided in said apartment, were engaged in drug trafficking); United States v. Pigrum, 922 F.2d. 249 (5th Cir. 1991)(Agents immediately proceeded to get search warrant after controlled purchase and searched within 2 hours of purchase; purchase made from residence of identified individual; police officers listening to purchase via transmitter); United States v. Romo, 914 F.2d. 889 (7th Cir. 1990)(Purchase made from residence of defendant, who was identified by informant; purchase also made from defendant's business; informant observed large quantity of drugs and drug paraphernalia within both business and residence within 72 hours of warrant application"; United States v. Harper, 802 F.2d. 115 (5th Cir. 1986)(Affiant had corroborated informant by surveilling defendant's motel room, where purchase was made, and had seen several known drug dealers and users enter room; informer indicated he saw quantities of narcotics in the room other than that which he purchased; purchase made within 24 hours of issuance of warrant; informant within view of affiant from time of initial pat-down until his return, except when in motel room); United States v. Moreno, 758 F.2d. 425 (9th Cir. 1985)(Purchase made from named individuals; investigation showed "heavy foot traffic" in and out of defendant's apartment; further corroboration from four anonymous telephone callers

reporting suspicion of drug trafficking at defendant's apartment; defendant had previously told police that a robbery at his apartment was in retaliation for a "drug rip-off"); United States v. Thompson, 751 F.2d. 300 (8th Cir. 1985)(Informant had indicated that he had observed named individual selling drugs in defendant's residence, that defendant had a firearm, that the defendant sells drugs on a regular basis from the apartment, and that the defendant lives in the apartment with a black female exotic dancer; affiant had corroborated many details and obtained other corroborating information concerning defendant's relationship to apartment); United States v. Rodgers, 732 F.2d. 625 (8th Cir. 1984)(Within 72 hours informant had been in defendant's residence and observed large quantities of cocaine; informant later made controlled buy directly from defendant in defendant's bedroom; officers had received prior information that defendant was selling large quantities of cocaine; other officers had made other purchases of cocaine from defendant).

In contrast to these cases, the affidavit here alleges only a single purchase from an individual who happened to be at the described location on only one single occasion, with no additional corroboration. This, it is submitted is insufficient to establish probable cause to issue a warrant to search that location.

### II.     The Court Should Not Rely upon the Good Faith Exception of United States v. Leon to Admit the Evidence.

Evidence obtained pursuant to an improperly issued warrant will be excluded if the officer's reliance on the warrant was not "objectively reasonable." United States v. Leon, 468 U.S. 897, 919-20 (1984); Massachusetts v. Sheppard, 468 U.S. 981, 990 (1984). The burden is on the government to establish objective good faith. Leon, 468 U.S. at 924.

In <u>Leon</u>, 468 U.S. 897, 104 S.Ct. 3405 (1984), the Court held the exclusionary rule did not bar introduction of evidence obtained in reasonable reliance on a search warrant issued by a neutral magistrate but later found to be invalid for lack of probable cause. However, defendant submits that <u>Leon</u> does not stand as authority for resuscitation of the otherwise invalid search warrant in this case.

The good faith exception in <u>Leon</u> does not apply (1) where the requesting officer recklessly misleads the magistrate or (2) where the magistrate abandons his traditional role or (3) where a warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable", <u>cite omitted</u>, or (4) where the warrant itself is so fatally deficient for, among other things, failing to particularize the things to be seized, that the officers cannot reasonably presume it to be valid. 468 U.S. at 923.

Several circuits have refused to routinely apply the <u>Leon</u> good-faith exception. <u>See United States v. Barrington</u>, 806 F.2d 529 (5th Cir. 1986). (<u>Leon</u> inapplicable where warrant based on "bare bones affidavit" and officer' reliance thereon not objectively reasonable); <u>United States v. Jackson</u>, 818 F.2d 345 (5th Cir. 1987) (<u>Leon</u> inapplicable where affidavit "totally lacking in indicia of reliability" and therefore a "bare bones affidavit.")' <u>United States v. Fuccillo</u>, 808 F.2d 173 (lst Cir. 1987) (<u>Leon</u> inapplicable where officers reckless in preparing affidavit); <u>United States v. Leary</u>, 43 Crl. 2140 (10th Cir. 1988) (warrant which was overbroad due to insufficient description of items to be seized not saved by <u>Leon</u> as agents cannot reasonably rely on such a warrant); <u>United States v. Crozier</u>, 777 F.2d 1376 (9th Cir. 1985) (search warrant authorizing a general search facially overbroad and not saved by <u>Leon</u> and executing officer could not act in good faith and in reasonable reliance thereon); <u>United States v.</u>

Strand, 761 F.2d 449 (8th Cir. 1985) (Leon inapplicable where search went beyond face of warrant).

Mr. Fleming submits that the affidavit in this case is indeed nothing more than a "bare bones" affidavit, whose indicia of probable cause is so lacking as to negate any assertion that it was acted upon in good faith. Therefore, all of the evidence seized as a result of this illegal search must be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

## CONCLUSION

Therefore, for the foregoing reasons and for any which may occur to the Court at a full hearing on this motion, it is respectfully requested that the Motion to Suppress be granted.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Cr. No. 06-306 (EGS)** |
| | : | |
| **MICHAEL DANIEL RICHARDS,** | : | |
| **RUSSELINE DENIEL MILES,** | : | |
| **CHRISTOPHER FLEMING,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

_____Upon consideration of defendant's Motion to Suppress Evidence, it is this _____ day of _____, 2007, hereby

**ORDERED** that defendant's Motion to Suppress is **GRANTED.**

THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT COURT JUDGE