## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Cr. No. 06-306 (EGS)** |
| | : | |
| **MICHAEL DANIEL RICHARDS,** | : | |
| **RUSSELINE DENIEL MILES,** | : | |
| **CHRISTOPHER FLEMING,** | : | |
| | : | |
| **Defendants.** | : | |

## OPPOSITION TO GOVERNMENT'S MOTION FOR JOINDER OF INDICTMENTS, OFFENSES AND DEFENDANTS

Christopher Fleming, through undersigned counsel, respectfully requests that this Court deny the government's request to join the indicted cases of 05-242 (EGS) and 06-306 (TJH) for purposes of trial. In support of his request, Mr. Fleming submits the following memorandum in opposition to the government's motion seeking joinder of indictments, offenses and defendants.

## BACKGROUND

_____On October 12, 2006, Mr. Fleming along with his co-defendants, Michael Richards and Russeline Miles were charged in a six-count indictment in Criminal Case No. 06-306. All three of the defendants are charged with the following: Count One - Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance, in violation of 21 U.S.C. § 856(a)(2); Count Two - Unlawful Distribute of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Three - Unlawful Distribute of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Four - Unlawful Distribute of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. §

841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; Count Five - Unlawful Distribute of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; and Count Six - Unlawful Distribute of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2.

All of the conduct described in the 06-306 indictment alleges conduct that occurred in 2006. Specifically, Count One alleges that from January 2006 thru September 2006 all three defendants unlawfully, knowingly and intentionally managed, controlled, opened and maintained a building, room and enclosure for the purpose of unlawfully manufacturing, storing, distributing and using a controlled substance. Counts Two and Three allege that on August 18, 2006, and August 29, 2006, respectively, all three defendants unlawfully distributed 50 grams or more of cocaine base. Count Four alleges that on September 22, 2006, all three defendants unlawfully distributed cocaine base. Counts Five and Six allege that on September 26, 2006, all three defendants unlawfully distributed cocaine base and unlawfully distributed 50 grams or more of cocaine base, respectively. In addition, all six counts include an aiding and abetting violation.

The government now moves to join - or consolidate for trial purposes - an indictment that does not name Mr. Fleming in any of the charges and for conduct that occurred in 2001 and 2002. Specifically, the indictment in 05-242, filed on June 23, 2005, charges both Michael Richards and Donnie Smith with the following: Count One - Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 846; Count Two - Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Three - Unlawful Distribution of 5 Grams or More of Cocaine Base and Aiding and Abetting, in

violation of 21 U.S.C. § 841 (a)(1) and 841(b)(1)(B)(iii) and 18 U.S.C. § 2; and Count Four - Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841 (a)(1) and 841 (b)(1)(A)(iii).

All of the conduct described in the 05-242 indictment alleges conduct that occurred in 2001 thru 2002. Specifically, Count One alleges that the conspiracy between Michael Richards and Donnie Smith occurred from December 2001 until at least May 2, 2002. Count Two alleges that on December 6, 2001, these two co-defendants unlawfully distributed 50 grams or more of cocaine base. Count Three alleges that on February 19, 2002, these two co-defendants unlawfully distributed 5 grams or more of cocaine base. Count Four alleges that on May 2, 2002, these two co-defendants unlawfully distributed 50 grams or more of cocaine base.

At a status hearing held in Criminal Case 06-306, on December 7, 2006, government counsel stated that none of the discovery or alleged charges in Criminal Case 05-242 involve Mr. Fleming. Therefore the only connection between the indicted cases of 06-306 and 05-242, with respect to Mr. Fleming, is Mr. Richards.

The government, in its motion for joinder, states that the "crimes charged in both cases emanate from a single continuous conspiracy" and the defendants should be properly "joined based on their concerted participation in the charged conspiracy." See Gov't Motion for Joinder, pg. 6. To begin, Mr. Fleming is not currently charged with a conspiracy offense. Further, the indictment in 05-242 specifically states that the conspiracy allegation against Mr. Richards and Mr. Smith occurred between December 2001 until at least May 2, 2002, almost four years prior to Mr. Fleming's alleged involvement with Mr. Richards in the summer of 2006.

## ARGUMENT

Where multiple defendants are charged with multiple offenses in different indictments consolidation of indictments for trial is governed by Fed. R. Crim. 13 and 8.[1]  See Moore's Federal Practice § 613.04, Consolidation When Multiple Defendants Are Charged With Multiple Offenses.  According to Rule 13 of the Federal Rules of Criminal Procedure, "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."  Rule 8(b) of the Federal Rules of Criminal Procedure must then be applied to determine whether the offenses may be properly joined when more than one defendant is charged.

A two-step analysis must then be conducted pursuant to Fed. R. Crim. P. 8(b).  See Moore's Federal Practice § 613.04, Consolidation When Multiple Defendants Are Charged With Multiple Offenses, see also, United States v. Shakur, 1986 WL 3011 (S.D.N.Y. 1986).  First, the court must determine whether the defendants are alleged to have participated in either "the same act or transaction or in the same series of acts or transactions, constituting an offense of offenses."  See Fed. R. Crim. P. 8(b).  Second, the court must determine whether the prejudice to the defense or the government from the consolidation outweighs its purported benefits, namely the conservation of judicial resource and the avoidance of duplication of proof at trial.  See Moore's Federal Practice § 613.04, Consolidation When Multiple Defendants Are Charged With Multiple Offenses.

---

[1]  Government's motion is titled Motion for Joinder of Indictments, Offenses and Defendants.  Undersigned counsel assumes that the government is requesting that the indictment in 05-242 be consolidated with the indictment in 06-306, and therefore construes this request under Fed. R. Crim. P. 13.

Therefore, Fed. R. Crim. P. 8(b) requires that there be a common activity involving all the defendants embracing all the charged offenses. See United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir. 1981). In order to be part of the "same series of acts or transactions," acts must be part of one overall scheme about which all joined defendants knew and in which they all participated. Id. The only common act between the indictments of 05-242 and 06-306 involve alleged drug dealing. The only defendant involved in both indictments is Mr. Richards, and specifically there is no evidence to suggest that Mr. Fleming even knew Mr. Richards or Mr. Smith during the years 2001 and 2002. Further, it can not be shown that the acts alleged in the indictments of 05-242 and 06-306 are part of one overall scheme about which all defendants - Mr. Richards, Mr. Smith, Ms. Miles and Mr. Fleming - jointly knew and in which they participated.

In addition, the government's motion indicates that persons charged in a conspiracy should be tried together. See Gov't Motion for Joinder, pg. 6. Further, the government's motion states that "all defendants are charged in the Conspiracy count of the two indictments." See Gov't Motion for Joinder, pg. 7. However, Mr. Fleming is not charged in a conspiracy count[2] with any of the other named defendants in the indictments. In the absence of a conspiracy allegation other facts must be alleged which at least suggest the existence of an overall scheme encompassing all the defendants and all the charged offenses. See United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir. 1981). Both the indictments and any pretrial evidence offered by the government must be consulted by the court in order to determine whether joinder of multiple

---

[2] If the government alleges that these two separate indictments are two separate conspiracies, notwithstanding the fact that Mr. Fleming is not charged with a conspiracy charge, Mr. Fleming argues that consolidation under Fed. R. Crim. P. 13 is not warranted when there are two indictments that charge different parties in different places with distinct conspiracies. See United States v. Haygood, 502 F.2d 166, 169 n.5 (7th Cir. 1974).

defendants in a single prosecution is proper.  See United States. v. Wilson, 26 F.3d 142, 153 (D.C. Cir. 1994).  In looking at the indictment in addition to the discovery provided by the government, it does not appear that there would be an overall scheme encompassing all the defendants and all the charged offenses nor would there be any joint proof of facts - with respect to Mr. Fleming - if the indictments in 05-242 and 06-306 were consolidated for trial.  Therefore, where there are no presumptive benefits from joint proof of facts relevant to all the acts or transactions, there is no "series," and as a result Rule 8(b) comes to an end, and joinder is impermissible.  See United States. v. Wilson, 26 F.3d 142, 153 (D.C. Cir. 1994)(citing United States v. Jackson, 562 F.2d 789, 794-5 (D.C. Cir. 1977).)

Finally, the court must also assess whether joinder will prejudice the defendant or the government.  "Criminal propensity" prejudice to Mr. Fleming will result if the indictments in 05-242 and 06-306 are consolidated under Fed. R. Crim. P. 13.  See United States v. Burkley, 591 F.2d 903, 919-920 (D.C. Cir. 1978).  When two or more crimes are tried together - or in this case, when two or more indictments are tried together - and the evidence of one is greater than that of the other, the jury may infer that because a defendant appears to have committed at least one of the crimes, he has a propensity to commit crime, or at least crimes of the nature charged.  Id.  Further, Mr. Fleming will be prejudiced if the indictment of 06-306 is joined with 05-242 because there is no evidence to support that Mr. Fleming was involved with Mr. Richards during the time period stated in the 05-242 indictment.  Specifically, the government has stated that Mr. Fleming is the least responsible actor in the alleged offenses in 06-306.

**CONCLUSION**

For the reasons set forth above, and for any other reasons that the Court may deem just

and proper, Mr. Fleming requests the Court to deny the government's request to join indictments,

offenses and defendants.


Respectfully submitted,


A.J. KRAMER
FEDERAL PUBLIC DEFENDER

____/s/_____

Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Cr. No. 06-306 (EGS)** |
| | : | |
| **MICHAEL DANIEL RICHARDS,** | : | |
| **RUSSELINE DENIEL MILES,** | : | |
| **CHRISTOPHER FLEMING,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER

_____Upon consideration of the United States' Motion Seeking Joiner of Indictments, Offenses

and Defendants, as well as the defendant's opposition thereto, it is by the Court hereby

**ORDERED** that the United States' motion is DENIED.


_____
THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE


DATE: