UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-306 (EGS) |
| | : | |
| MICHAEL DANIEL RICHARDS, | : | |
| RUSSELINE DENIEL MILES, | : | |
| CHRISTOPHER FLEMING, | : | |
| | : | |
| Defendants. | : | |

**MOTION TO SEVER DEFENDANTS[1]**

    Christopher Fleming, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Fed. R. Crim. P. 14, to sever his trial from the trial of co-defendants Michael D. Richards and Russeline D. Miles.

**BACKGROUND**

    On October 12, 2006, Mr. Fleming along with his co-defendants, Michael Richards and Russeline Miles were charged in a six-count indictment. All three of the defendants are charged with the following: Count One - Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance, in violation of 21 U.S.C. § 856(a)(2); Count Two - Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Three - Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Four -

---

[1] In a separate motion, Mr. Fleming opposes the government's request to join the indictments, offenses, and defendants.

Unlawful Distribution of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; Count Five - Unlawful Distribution of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; and Count Six - Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2.

A joint trial with co-defendants Michael Richards and Russeline Miles will severely prejudice Mr. Fleming. Accordingly, Mr. Fleming requests the Court, in the interests of justice, to sever his case from that of his co-defendants.

## DISCUSSION

Under Fed. R. Crim. P. 14, "[i]f it appears that a defendant or the government is prejudiced by a joinder of . . . defendants in an indictment or information or by such joinder for trial together, the court may . . . grant a severance of defendants . . . ." In <u>Zafiro v. United States</u>, 506 U.S. 534, 539 (1993), the United States Supreme Court held that a severance should be granted under Rule 14 "if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." In the instant case, there is a serious risk that Mr. Fleming's trial rights will be unfairly compromised and that the jury will be unable to make a reliable judgment about guilt or innocence if he and his two co-defendants are tried jointly.

The Court has discretion pursuant to Federal Rule of Criminal Procedure 14(a) to sever Mr. Fleming's case and trial from co-defendants Michael Richards and Russeline Miles. Mr.

Fleming moves for severance based on the weight of the evidence against Mr. Fleming's co-defendants and the paucity of evidence against him. Mr. Fleming is alleged to have participated in one of the sales of narcotics to an undercover police officer. A videotape received in discovery depicts this transaction. However, it is believed that the other dates of narcotic transactions do not involve Mr. Fleming. Because the evidence against co-defendants Michael Richards and Russeline Miles is far more damaging, there will be a significant prejudicial effect on Mr. Fleming which will deprive him of a fair trial. United States v. Tarantino, 846 F.2d 1384,1398 (D.C. Cir. 1988).

Though the decision to sever is discretionary, this Court should exercise its discretion to sever these cases. As our Court of Appeals noted in United States v. Sampol, 636 F. 2d 621 (1980), where, as here, evidence against a co-defendant is "far more damaging" than the evidence against the defendant, raising the specter of guilt by association, severance of defendants should be granted.

Invariably, the evidence against separate defendants will have a different probative value as to each individual defendant. Indeed, the evidence against one defendant may be far greater than as against the other, causing the jury to be unable to separate the relative innocence or guilt among the defendants charged. This confusion may result in a conviction, not on the basis of the evidence relating to one defendant, but by imputing to that defendant guilt based on the activity of the other alleged conspirator. United States v. Tolliver, 541 F.2d 958 (2nd Cir. 1976). In addition, "[e]vidence of a co-defendant's wrongdoings in some circumstances erroneously could lead a jury to conclude that at defendant was guilty." Zafiro v. United States, 506 U.S. 534, 539 (1993).

In <u>United States v. Halliman</u>, 923 F.2d 873, 884 (D.C. Cir. 1991) the court recognized that when the evidence against one defendant is substantially more damaging than against the other, severance is appropriate. The critical determination, the court stated, is whether a jury could reasonably compartmentalize the evidence introduced against each individual defendant. In the instant case, compartmentalization would be difficult. Moreover, Mr. Fleming has "the right not to be tried en masse for the conglomeration of distinct and separate offenses committed by others." <u>Kotteaskos v. United States</u>, 328 U.S. 750, 775 (1946).

Although the Supreme Court has stated that "[m]utually antagonistic defenses are not prejudicial *per se*," <u>Zafiro v. United States</u>, 506 U.S. 534, 538 (1993), the Court has recognized that there are certain circumstances in which substantial prejudice to a defendant does arise. <u>Zafiro</u> at 539. For example, "[s]uch a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant." <u>Id</u>. Here, co-defendants' defenses raise more than "mutually antagonistic defenses." Counsel for co-defendants will likely seek to introduce evidence concerning Mr. Fleming that is highly prejudicial and which would not be admissible against Mr. Fleming were he tried alone. On this basis also, Mr. Fleming is entitled to severance.

There is also the likelihood that Mr. Fleming will be unable to present critical evidence in his defense if he and his co-defendants are tried jointly. The United States Supreme Court has held that criminal defendants have a constitutional right to present a defense and to present their version of the facts at trial. <u>Washington v. Texas</u>, 388 U.S. 14, 19 (1967). Indeed, this "right to present a defense," is "a fundamental element of due process of law." <u>Id.</u>; <u>see</u> <u>also</u> <u>Chambers v. Mississippi</u>, 410 U.S. 284, 294 (1973). In the instant case, the government alleges that co-

defendant Michael Richards and Russeline Miles, along with a confidential informant and an undercover police officer, engaged in numerous narcotics-related dealings. Some or all of these alleged transactions occurred at the same premises where Mr. Fleming was arrested. At trial, Mr. Richards' or Ms. Miles' counsel may seek to introduce evidence concerning uncharged narcotics related activity involving Mr. Fleming at 65 Hawaii Ave., N.E. Apt. 202, Washington, D.C.

Admission of evidence regarding the conduct of his co-defendants Mr. Richards and Ms. Miles will likely be critical to Mr. Fleming's defense. However, if Mr. Fleming is tried with his co-defendants, Mr. Fleming will certainly seek exclusion of such evidence at his trial because such evidence is likely to have a prejudicial effect on his case. Clearly, exclusion of such critical evidence at Mr. Fleming's trial will cause him great prejudice. For these reasons alone, in order to protect Mr. Fleming's constitutional right to present a defense, his trial must be severed from that of his co-defendants.

Finally, Mr. Fleming "[s]hould not be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than in protracted multiple trials." United States v. Boscia, 573 F.2d 827, 833 (3rd Cir. 1978).

**CONCLUSION**

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Fleming requests that the Court sever his trial from that of his co-defendants. Mr. Fleming requests an evidentiary hearing on this motion.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


____/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Cr. No. 06-306 (EGS) |
| : | |
| **MICHAEL DANIEL RICHARDS,** : | |
| **RUSSELINE DENIEL MILES,** : | |
| **CHRISTOPHER FLEMING,** : | |
| : | |
| **Defendants.** : | |

**ORDER**

_____Upon consideration of defendant's Motion to Sever his case from the case of his co-defendants, Michael Richards and Russeline Miles, it is this _____ day of _____, 2007, hereby

**ORDERED** that defendant Christopher Fleming's Motion to Sever is **GRANTED.**

_____
THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT COURT JUDGE