UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 06-306 (EGS) |
| : | |
| MICHAEL DANIEL RICHARDS, : | |
| RUSSELINE DENIEL MILES, : | |
| CHRISTOPHER FLEMING, : | |
| DONNIE SMITH, : | |
| CONROY HUGHES FORBES, : | |
| GREGORY ELLIS GANT, : | |
| JUNIOR SHAW, : | |
| : | |
| Defendants. : | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S
MOTION TO INTRODUCE RULE 404(b) EVIDENCE**

Christopher Fleming, through undersigned counsel, respectfully requests that this Court rule that the government is precluded from entering into evidence any proof of crimes, wrongs, or other bad acts, allegedly committed by Mr. Fleming and not charged in this indictment. In support of his request, Mr. Fleming submits the following memorandum in opposition to the government's motion seeking admission of Rule 404(b) evidence.

**BACKGROUND**

On June 5, 2007, a superceding indictment was filed charging Mr. Fleming with the following counts: Count One - Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846; Count Five - Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance and Aiding and Abetting, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2; Count Six - Unlawful Distribution of 50 Grams or More of Cocaine

Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Seven - Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Eight - Unlawful Distribution of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; Count Nine - Unlawful Distribution of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; and Count Ten - Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2.

  As was the case with the government's motion regarding Federal Rule of Evidence 609, the government moves " to admit evidence of the facts of the cases which comprised the defendants following convictions and arrests." See Gov't 404(b) Mot. at 1.  Again, the government's motion merely charts Mr. Fleming's prior arrest record and provides no information or details as to what proof of crimes, wrongs, or other bad acts, allegedly committed by Mr. Fleming, the government intends to seek to admit pursuant to Federal Rule of Evidence 404(b).  Further, the government's motion states that "[e]vidence of the defendants prior weapons and drug offense(s) is offered to illuminate essential elements of the offense for which each defendant has been charged and which the Government must prove beyond a reasonable doubt." See Gov't 404(b) Mot. at 11.  Again, the government offers no specific information relating to Mr. Fleming's prior weapons or drug offenses.  In fact, Mr. Fleming has no prior arrest record or conviction involving the possession of a firearm, nor does Mr. Fleming have any prior arrest record or conviction relating to cocaine base - the charges alleged in the instant

indictment.

**ARGUMENT**

I.  **The Proffered Evidence Is Inadmissible Evidence of Other Crimes under Federal Rule of Evidence 404(b).**

In order for evidence of a prior bad act to be admissible, it must be both reliable and probative of a material issue other than character.  See United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); see also Fed. R. Evid. 404(b); United States v. Gaviria, 116 F.3d 1498, 1532 (D.C. Cir. 1997)  (citing United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994)). To be probative of a material issue, a prior bad act must speak to an essential element of the charged offense or furnish part of the context for the alleged crime.  See Rawle, 845 F.2d at 1247 n.4. The government bears the burden of demonstrating the relevance of the "prior bad acts" it seeks to have admitted.  See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988); cert. denied 496 U.S. 939, 110 S. Ct. 3221; United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).  The evidence at issue here is not admissible pursuant to Rule 404(b), because it is both unreliable and irrelevant to any material issue other than propensity.

The evidence proposed in this case is not necessary to prove any relevant material issue. The government maintains that it seeks to do nothing more in this case than to show the defendant's motive, intent, preparation, plan, knowledge, identity, and absence of mistake or accident, as well as to discount the defense of "innocent possession."  See Gov't 404(b) Mot. at 11.  At bottom, it appears that the government's only purpose for introducing evidence of a prior possession of a controlled substance is to show that Mr. Fleming has the propensity to possess drugs.  This is the very purpose for which such evidence may not be admitted.   As the D.C.

Circuit stated in the 2004 case of United States v. Linares, 367 F.3d 941 (D. C. Cir. 2004), "reliance by a trier of fact (on propensity evidence) offends the long standing tradition that protects a criminal defendant from guilt by reputation and from unnecessary prejudice." See also Huddleston v. United States, 485 U.S. 681 (1988)(holding other crimes evidence is not admissible to show bad character and action in conformity therewith); United States v. Rhodes, 886 F.2d 375 (D.C. Cir. 1989); United States v. Hernandez, 780 F.2d 113 (D.C. Cir. 1986); United States v. Foskey, 636 F.2d 517 (1980); United States v. Shelton, 628 F.2d 54 (1980). Were Mr. Fleming to open the door to such evidence–by testifying, for instance, that he knows nothing about drugs–the government might be able to introduce evidence concerning his prior arrest record regarding drug possession.  Unless the defense opens such doors, however, evidence surrounding Mr. Fleming's alleged prior unlawful possession of marijuana is simply irrelevant.

**II.     The Court Should Exclude the Evidence Pursuant to Federal Rule of Evidence 403 Because the Evidence Is More Prejudicial than Probative.**

Even if reliable and probative of a material issue, evidence of "prior bad acts" is nevertheless inadmissible if the probative value of the evidence is substantially outweighed by its likely prejudicial impact.  Fed. R. Evid. 403; Gaviria, 116 F.3d at 1532 (citing Clarke, 24 F.3d at 264).  Because of the potential for prejudice, "evidence indicating the accused's commission of an offense not on trial . . . is generally to be excluded."  United States v. Anderson, 509 F.2d 312, 328 (D.C. Cir. 1974) (quoting Robinson v. United States, 459 F.2d 847, 856  (D.C. Cir.  1972)).

The weak probative value of the alleged prior bad act stands in sharp contrast to the severe prejudicial impact that introduction of the evidence would have on the jury in this case. Even with a limiting instruction, jurors would have a difficult time resisting the natural human

4

impulse to make the impermissible inference that someone who has previously broken the law or unlawfully possessed a controlled substance, i.e. marijuana, in the past is more likely to break the law or unlawfully possess cocaine base on a subsequent occasion – the very inference that Fed. R. Evid. 404(b) was intended to prevent.

## CONCLUSION

For the reasons set forth above, and for any other reasons that the Court may deem just and proper, Mr. Fleming requests that the Court deny the government's request to introduce evidence of any proof of crimes, wrongs, or other bad acts, allegedly committed by Mr. Fleming and not charged in this indictment.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____

Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 06-306 (EGS) |
| : | |
| MICHAEL DANIEL RICHARDS, : | |
| RUSSELINE DENIEL MILES, : | |
| CHRISTOPHER FLEMING, : | |
| DONNIE SMITH, : | |
| CONROY HUGHES FORBES, : | |
| GREGORY ELLIS GANT, : | |
| JUNIOR SHAW, : | |
| : | |
| Defendants. : | |

## ORDER

Upon consideration of the United States' Motion Seeking Admission of Rule 404(b) Evidence, as well as the defendant's opposition thereto, it is by the Court hereby

**ORDERED** that the United States' motion is **DENIED**.

THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT COURT JUDGE