UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 06-306 (EGS) |
| : | |
| MICHAEL DANIEL RICHARDS, : | |
| RUSSELINE DENIEL MILES, : | |
| CHRISTOPHER FLEMING, : | |
| DONNIE SMITH, : | |
| CONROY HUGHES FORBES, : | |
| GREGORY ELLIS GANT, : | |
| JUNIOR SHAW, : | |
| : | |
| Defendants. : | |

**MOTION TO EXCLUDE USE OF PRIOR CONVICTIONS**

Mr. Christopher Fleming, the defendant, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Evidence 609, to exclude the use of prior convictions to impeach Mr. Fleming should he chose to testify at trial.

**BACKGROUND**

On June 5, 2007, a superceding indictment was filed charging Mr. Fleming with the following counts: Count One - Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846; Count Five - Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance and Aiding and Abetting, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2; Count Six - Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Seven - Unlawful Distribution of 50 Grams or More of Cocaine Base and

Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Eight - Unlawful Distribution of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; Count Nine - Unlawful Distribution of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2; and Count Ten - Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2.

On June 1, 2007, the government filed a motion moving to "admit evidence of the facts of the cases" which comprised the defendant's convictions. See Gov't Rule 609 Mot. at 1. It seems that this government motion indicates its intention to seek to admit Mr. Fleming's prior convictions for impeachment purposes under Federal Rule of Evidence 609, if Mr. Fleming testifies at trial. However, there is no specific information as to what the government seeks to use in order to meet the requirements under Federal Rule of Evidence 609 in its attempt to impeach Mr. Fleming. Further, the government's motion merely charts Mr. Fleming's prior arrest record. At best, the government appears to identify only one prior conviction - a misdemeanor theft charge recently adjudicated in D.C. Superior Court on February 12, 2007, whereby Mr. Fleming was sentenced to time served and a fine of $100.00. If this is the only conviction in which the government relies upon to impeach Mr. Fleming, this conviction does not meet the requirements of 609 and therefore the government should be precluded from impeaching Mr. Fleming at trial, should he testify in this case. It should be also noted that the government has not provided a certified copy of this conviction or any statements regarding the factual basis for the conviction.

## ARGUMENT

Federal Rule of Evidence 609 provides:

>   (a) General rule.  For the purpose of attacking the credibility of a witness,
>   (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused; and
>   (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.
>   (b) Time limit.  Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determine, in the interests of justice that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the adverse party with a fair opportunity to contest the use of such evidence.

Although the rule permits the use of prior felony convictions, such convictions may be used to impeach a defendant only if the probative value of the conviction outweighs the prejudicial effect to the accused.  Notably, Rule 609, unlike Federal Rule of Evidence 403, does not require that the prejudicial effect substantially outweigh the probative value of the evidence but, rather, requires the opposite -- that the probative value of the conviction outweigh the prejudicial effect.  In this case, the government has done nothing to meet its burden of demonstrating that there are specific circumstances demonstrating that the probative value of the

3

proffered offenses outweighs the inevitable prejudicial impact.  See United States v. Lipscomb, 702 F.2d 1049, 1063 ("When the defendant is impeached by a prior conviction, the question of prejudice, as Congress well knew, is not if, but how much.").

The government provides no proffer as to the circumstances of the prior conviction nor any argument as to why the nature of the conviction alone demonstrates the probative value.  The government makes no argument in support of the probative value.  All felonies have some probative value as to credibility, see Lipscomb, 702 F.2d at 1063 n. 54, but this proposition is simply a starting point.  Further, as stated above, the only prior conviction involving Mr. Fleming is for a crime punishable by a term of imprisonment less than one year and therefore Federal Rule of Evidence 609 is inapplicable to this prior conviction.

The government has not provided certified copies of the alleged conviction or demonstrated that this was, in fact, a felony conviction.  Moreover, the government has provided no proffer as to the circumstances of the alleged prior conviction nor any argument as to why the nature of the conviction alone demonstrates the probative value.  Thus, the government has failed to meet its burden and the conviction should be excluded because the probative value of this conviction does not outweigh the prejudicial effect that disclosing the nature of the conviction would provide.

## **CONCLUSION**

For the foregoing reasons, Mr. Fleming respectfully moves this Honorable Court to exclude the use of the evidence of a prior conviction proffered by the government.

Respectfully submitted,


A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste 550
Washington, D.C.  20004
(202)  208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Cr. No. 06-306 (EGS)** |
| : | |
| **MICHAEL DANIEL RICHARDS,** : | |
| **RUSSELINE DENIEL MILES,** : | |
| **CHRISTOPHER FLEMING,** : | |
| **DONNIE SMITH,** : | |
| **CONROY HUGHES FORBES,** : | |
| **GREGORY ELLIS GANT,** : | |
| **JUNIOR SHAW,** : | |
| : | |
| **Defendants.** : | |

## ORDER

Upon consideration of defendant's Motion to Exclude Use of Prior Convictions and finding good cause shown, it is this ____ day of _____, 2007, hereby

**ORDERED** that defendant Christopher Fleming's Motion is **GRANTED.**

_____
THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT COURT JUDGE