UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-306 (EGS) |
| | : | |
| MICHAEL DANIEL RICHARDS, | : | |
| RUSSELINE DENIEL MILES, | : | |
| CHRISTOPHER FLEMING, | : | |
| DONNIE SMITH, | : | |
| CONROY HUGHES FORBES, | : | |
| GREGORY ELLIS GANT, | : | |
| JUNIOR SHAW, | : | |
| | : | |
| **Defendants.** | : | |

## MOTION TO SEVER COUNTS

Christopher Fleming, through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rules of Criminal Procedure 8(a) and 14, for severance of offenses in this matter.

## BACKGROUND

On June 5, 2007, a superceding indictment was filed charging Mr. Fleming with the following counts: Count One - Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine, in violation of 21 U.S.C. § 846; Count Five - Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance and Aiding and Abetting, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. § 2; Count Six - Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Seven - Unlawful Distribution of 50 Grams or More of Cocaine Base and

Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2; Count Eight - Unlawful Distribution of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; Count Nine - Unlawful Distribution of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(c) and 18 U.S.C. § 2; and Count Ten - Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. § 2.

All of the counts that charge Mr. Fleming allege conduct that occurred in 2006. Counts Six, Seven, Eight, and Nine, respectively, allege that Mr. Fleming, Ms. Russeline Miles, and Mr. Michael Richards distributed cocaine base on August 18, 2006, August 29, 2006, September 22, 2006, and September 26, 2006.

Counts Two, Three, and Four of the indictment do not charge Mr. Fleming. Specifically, these counts include charges that were previously identified in an indictment in Criminal Case No. 05-242, that were subject to a motion for joinder of indictments filed by the government before the superceding indictment was issued in this case. Counts Two, Three, and Four, respectively, charge Mr. Michael Richards and Mr. Donnie Smith with distribution of cocaine base on December 6, 2001; February 19, 2002; and May 2, 2002.

## DISCUSSION

### I.  COUNTS TWO, THREE, AND FOUR OF THE INDICTMENT MUST BE SEVERED FROM THE OTHER COUNTS UNDER RULE 8(a)

The joinder of Counts Two, Three, and Four, with the remaining counts of the indictment unduly prejudices Mr. Fleming's right to a fair trial. The prejudice that would adhere to Mr.

Fleming, as a result of the joinder of offenses in this case, is clearly beyond the curative powers of a cautionary instruction.

Federal Rule of Criminal Procedure 8(a) allows for the joinder of two or more offenses in the same indictment where the offenses are (1) of the same or similar character, (2) based upon the same act or transaction, or (3) based on acts or transactions that are connected or that constitute parts of a common scheme. Where the prosecution has improperly joined offenses in the same indictment, Rule 8(a) provides a basis for severance. United States v. Terry, 911 F.2d 272 (9th Cir. 1990); United States v. Weaver, 905 F.2d 1466 (11th Cir. 1990).

"Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment." Terry, 911 F.2d at 276. In the present case, Counts Two, Three, and Four charge conduct that occurred between December 6, 2001, and May 2, 2002. The government has presented no evidence, nor could it, that Mr. Fleming even knew Mr. Richards nor Mr. Smith during this time period. Further, the government has not identified any circumstances that suggest that theses counts involved the same transaction or that the acts were part of a common scheme as related to the conduct in the remaining counts of the indictment that allege criminal conduct in 2006. Therefore, the joinder of Counts Two, Three, and Four with the remaining counts in the present indictment is improper.

II. **EACH OF THE COUNTS OF THE INDICTMENT SHOULD BE SEVERED FROM THE OTHER COUNTS OF THE INDICTMENT UNDER RULE 14**

Even if the Court determines that the counts were properly joined under Rule 8(a), Rule 14 of the Federal Rules of Criminal Procedure provides that the defendant is entitled to severance where failure to do otherwise would result in prejudice to the defendant and the denial of his

right to a fair trial. Granting severance is a matter within the discretion of the trial court. United States v. Blakney, 941 F.2d 114 (2nd Cir. 1991); United States v. Smith, 918 F.2d 1551 (11th Cir. 1990); United States v. Perry, 731 F.2d 985 (D.C. Cir. 1984); United States v. Reicherter, 647 F.2d 397 (3rd Cir. 1981). When considering a motion for severance, the court must balance the accused's right to a fair trial against the public's interest in efficient and economic administration of justice. United States v. Phillips, 664 F.2d 971 (5th Cir. 1981). While judicial economy is a factor in deciding a severance motion, it should not outweigh that defendant's basic right to a fair trial.

> No defendant should ever be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than in protracted multiple trials. The goal of the judicial process is not to decide cases as quickly and as inexpensively as possible. But where there is a reasonable assurance that defendants will be given a fair trial regardless of whether a severance is granted, judicial economy becomes a relevant factor.

United States v. Bascia, 573 F.2d 827, 833 (3rd Cir. 1978), cert. denied, DiSantis v. United States, 436 U.S. 911 (1978). In the present case, the spillover effect and risk of jury confusion, resulting from evidence presented of conduct that occurred in 2001, in addition to further conduct that occurred in 2006, is such that the jury would be unable to make an individualized guilt determination as between each of the counts.

## **CONCLUSION**

For the reasons stated above, Mr. Fleming respectfully requests that this Court sever Counts Two, Three, and Four from the remaining counts in the indictment.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Cr. No. 06-306 (EGS)** |
| | : | |
| **MICHAEL DANIEL RICHARDS,** | : | |
| **RUSSELINE DENIEL MILES,** | : | |
| **CHRISTOPHER FLEMING,** | : | |
| **DONNIE SMITH,** | : | |
| **CONROY HUGHES FORBES,** | : | |
| **GREGORY ELLIS GANT,** | : | |
| **JUNIOR SHAW,** | : | |
| | : | |
| **Defendants.** | : | |

**ORDER**

_____ Upon consideration of defendant, Christopher Fleming's, Motion to Sever Counts Two, Three, and Four from the Indictment, it is hereby

**ORDERED** that the Motion is **GRANTED**.

_____
THE HONORABLE EMMET G. SULLIVAN
UNITED STATES DISTRICT COURT JUDGE