# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No.  06-306  (EGS)** |
| **CHRISTOPHER FLEMING,** | : | |
| **Defendant.** | : | **Motions Date: Oct. 23, 2007** |

## GOVERNMENT'S OPPOSITION TO DEFENDANT FLEMING'S MOTION TO SEVER COUNTS

***COMES NOW***, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully to oppose Defendant Fleming's motion pursuant to Federal Rules of Criminal Procedure 8(a) and 14, for severance of offenses in this matter.  In support whereof, we submit as follows:

## BACKGROUND

Simply put, Defendant Fleming complains that his case is wrongfully joined with his other coconspirators because: (1) all of his substantive counts allege conduct which occurred in 2006 and some of his coconspirators have substantive counts which date back to 2001; (2) that no cautionary instruction could cure the prejudice that would befall him should he be tried together with his coconspirators; (3) that since he did not know his coconspirators in 2001 and 2002, that he should not be tried with them for the same continued criminal conduct in 2005 and 2006; (4) that judicial economy does not outweigh his right to a fair trial; and (5) that the spillover effect of the evidence against his coconspirators would wrongly convict him of count one the conspiracy, and his five substantive counts charged in the indictment.

**ARGUMENT**

A district court's denial of a defendant's motion to sever may generally be reversed "only upon a finding of clear prejudice and abuse of discretion." United States v. Levi, 45 F.3d 453, 455 (D.C. Cir.1995) (citations and internal quotations omitted). In Levi, as in the present case, the perpetrator used similar methods and committed crimes "in the same general area of the city." Id. A "finding of prejudice is logically precluded if, had the counts been tried separately, the evidence concerning each count would have been admissible on each other count." Id. In Levi, as in this, if the defendant had been tried separately on each count, then the same evidence concerning the perpetrator's modus operandi would have been admissible in each case under the identity exception to Federal Rule of Evidence 404(b). Id.; see United States v. Rollins, 301 F.3d 511, 518-19 & n. 3 (7th Cir.2002) (evidence of modus operandi admissible under "identity exception" to 404(b)). Therefore, here, as in Levi, there can be no prejudice to the defendant from joining the counts in a single trial.

We submit that the crimes charged emanate from a single continuous conspiracy based on the same facts and evidence of each defendants' own separate role in this conspiracy. As a threshold matter, the defendants in this case are properly joined based on their concerted participation in the charged conspiracy. Joinder is proper where the defendants are alleged to have participated in the same series of acts constituting the lead offense. United States v. Colatriano, 624 F.2d 686, 688 (5th Cir. 1980); United States v. Heck, 499 F.2d 778, 789 (9th Cir.) (defendants properly joined who participated in a conspiracy and assault on federal officials), cert. denied, 419 U.S. 1088 (1974);

United States v. Becker, 569 F.2d 951, 964 (5th Cir.) (defendants properly joined where they were charged with conspiracy to defraud, wire fraud, and interstate transportation of checks), cert. denied, 439 U.S. 865 (1978).

In codefendant cases, Fed. R. Crim. P. 8(b) controls joinder of both offenses and defendants. United States v. Perry, 731 F.2d 985, 989 (D.C. Cir. 1984); United States v. Jackson, 562 F.2d 789, 793-94 (D.C. Cir. 1977). This Circuit construes Rule 8(b) broadly in favor of joinder. United States v. Gibbs, 904 F.2d 52, 56 (D.C. Cir. 1990) ("[T]his court . . . has repeatedly declared that joint trials may be preferred, given the heavy and increasing criminal case load in our trial courts."); United States v. Perry, 731 F.2d at 991; Jackson, 562 F.2d at 796-97; United States v. Hines, 455 F.2d 1317, 1334 (D.C. Cir. 1971), cert. denied, 406 U.S. 975 (1972). In short, "a substantial public interest supports joint trial." United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir.), cert. denied, 404 U.S. 958 (1971).  Jackson, 562 F.2d at 796-97; Hines, 455 F.2d at 1334, cert. denied, 406 U.S. 975 (1972).

Generally, persons charged in a conspiracy should be tried together.  See, e.g., United States v. Boyd, 610 F.2d 521 (8th Cir. 1979), cert. denied, 444 U.S. 1089 (1980).  "Rarely, if ever, will it be improper for co-conspirators to be tried together."  United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991).  Furthermore, severance is not required or favored even when all co-conspirators are not charged in every substantive count of the indictment, Schaffer v. United States, 362 U.S. 511, 512-13 (1960); United States v. Leach, 613 F.2d 1295, 1303 (5th Cir. 1980), or when the charged co-conspirators did not participate in all phases of the conspiracy, Blumenthal v. United States, 332 U.S. 539, 556-57 (1947); Leach, 613 F.2d at 1299.  There is no mandate that severance be granted if one defendant's role was smaller or less important than another's.  United States v. Nersesian, 824

F.2d 1294 (2d Cir. 1987); United States v. Ianniello, 621 F. Supp. 1455, 1477-78 (S.D.N.Y. 1985),

aff'd, 808 F.2d 84 (2d Cir. 1986), cert. denied, 483 U.S. 106 (1987) (fact that defendant plays minor

role in a conspiracy does not entitle him to severance).

This Court has wide discretion in determining joinder.  United States v. Butler, 822 F.2d

1191, 1196 (D.C. Cir. 1987).  One of the main factors courts should consider in making its joinder

determination is the furtherance of the judicial system's strong and legitimate interest in efficient and

expeditious proceedings.  United States v. Long, 905 F.2d 1572 (D.C. Cir. 1990).  Joinder of counts

and defendants is designed to promote judicial economy and efficiency by avoiding multiple trials,

where that can be accomplished without substantial prejudice to the rights of the defendants to a fair

trial.  Bruton v. United States, 391 U.S. 123, 131 n.6 (1968).  Factors that the court should consider

include: (1) the presentation of the same evidence; (2) testimony from the same witnesses; and (3)

the same illegal acts.  United States v. Manner, 997 F.2d 317 (D.C. Cir. 1989), cert. denied, 493 U.S.

1062 (1990); United States v. Tarantino, 946 F.2d 1384 (D.C. Cir. 1988).

All Defendants are charged in the Conspiracy count and are charged with specific counts

which they committed in furtherance of the conspiracy.  The evidence against each defendant

overlaps substantially with evidence to be presented against the codefendants.  A number of agents

of the Drug Enforcement Administration, Internal Revenue Service, U.S. Postal Service and officers

of the Metropolitan Police Department, the chemist, a drug expert, and perhaps others, will all testify

against all defendants.  Joinder will allow  the Government to present the same witnesses and the

same evidence at separate trials.  Such a result is undesirable.  See United States v. Erfrasio, 935

F.2d 553, 570-71 (3d Cir. 1991).  In addition, the burden upon those testifying would not be "slight,"

as all have other obligations in addition to making court appearances.

The defendants bear the burden of proving prejudicial joinder under Fed. R. Crim. P. 14(b). They cannot bear that burden. Rule 14 countenances some prejudice to a defendant from a joint trial, and severance is not required simply because a defendant might have a better chance of acquittal if tried separately. United States v. Halliman, 923 F.2d 873, 884 (D.C. Cir. 1991) (citing United States v. Manner, 887 F.2d at 324); see also United States v. Wright, 783 F.2d 10991, 1095 (D.C. Cir. 1986); United States v. Hopkins, 464 F.2d 816, 819 (D.C. Cir. 1972); United States v. Wilson, 434 F.2d 494, 501 (D.C . Cir. 1970). In making a determination on severance, the Court must balance the risk of prejudice to the defendant against the interest in judicial economy. Butler, 822 F.2d at 1194. The Court of Appeals has struck a balance in favor of joint trials. United States v. Leonard, 494 F.2d 955, 965 (D.C. Cir. 1974). To warrant severance, the risk of prejudice must be compelling. United States v. Cross, 928 F.2d 1030 (11th Cir. 1991). The test for determining "compelling prejudice" is the jury's ability to follow the trial court's instruction and to consider separately the evidence relating to each defendant. Id.; see also United States v. Leavitt, 878 F.2d 1329 (11th Cir. 1989). It is settled that when two or more defendants are charged jointly with committing a criminal offense, there is a strong presumption that they will be tried jointly. Zafiro v. United States, 506 U.S. 534,113 S.Ct. 933, 937 (1993). Therefore, the Defendants cannot demonstrate any prejudice to the individual rights by a joint trial with their codefendants or with each of the stated offenses in the indictment.

Defendant Fleming's point that there was a risk of prejudice from the likelihood of evidentiary "spillover" or juror confusion-fails to account for the well established and Supreme Court approved practice of a district court's limiting instructions to the jury. The district court "was acutely aware of the possibility of prejudice and was strict in his charge." Schaffer, 362 U.S. at 516,

80 S.Ct. 945.  It is the long standing practice of this Court to instruct the jury that it could "not infer that a defendant is guilty of participating in criminal conduct merely from the fact that he may have been present at the time and place a crime was being committed, nor could the jury infer that a defendant is guilty of participating in criminal conduct merely from the fact that he associated with, was a family member of or lived with other people who were guilty of wrongdoing. This Court also explains that the jury should give separate consideration and render separate verdicts with respect to each defendant, and that each defendant is entitled to have his guilt or innocence of the crime ... determined from his own conduct and from the evidence that applies to him as if he were being tried alone.   This Court further instructs that each offense and the evidence that applies to it should be considered separately, and you should return separate verdicts as to each .... [T]he fact that you may find a defendant guilty or not guilty of any one count of the indictments should not control or influence your verdict with respect to any other count of the indictments.

As in Zafiro, 506 U.S. at 540-41, 113 S.Ct. 933, and Schaffer, 362 U.S. at 516, 80 S.Ct. 945, these instructions will cure any possible risk of prejudice.  See also United States v. Thompson, 286 F.3d 950, 968 (7th Cir.2002); Brown, 16 F.3d at 433.   The jury is "presumed to follow [its] instructions." Zafiro, 506 U.S. at 540, 113 S.Ct. 933 (quoting Richardson v. Marsh, 481 U.S. 200, 211, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987)) (internal quotation marks omitted).  Again, under Rule 14, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540, 113 S.Ct. 933; accord Halliman, 923 F.2d at 884.  It follows that Defendant Fleming has failed to show a risk of prejudice that might warrant severance. Without such a showing, his Rule 14 argument fails.

WHEREFORE, the Government respectfully requests that Defendant Fleming's motion for severance be denied.

Respectfully submitted,<br>
JEFFERY A. TAYLOR<br>
UNITED STATES ATTORNEY<br>
D.C. BAR NO. 498-610

By: _____

MARTIN DEE CARPENTER
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 23rd day of August, 2007, by electronic filing to:

Attorney Brian K. McDaniel
Email: kbmassociates@aol.com

Attorney Danielle C. Jahn
Email: dani_jahn@fd.org

Attorney Joanne D. Slaight
Email: jslaight@att.net

Attorney Andrea Patricia Antonelli
Email: apantonelli@verizon.net

Attorney Richard Alan Seligman
Email: rickselig@aol.com

Attorney Jerry Ray Smith
Email: jerryraysmith@verizon.net

_____

MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C.  20530
(202) 514-7063

Email: martin.carpenter2@usdoj.gov