UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 06-306 (EGS) |
| ) | |
| JUNIOR SHAW, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S OPPOSITION TO "GOVERNMENT'S MOTION
REGARDING RULE 609 EVIDENCE FOR DEFENDANT GANT" AND SUPPORTING
POINTS AND AUTHORITIES

Junior Shaw, defendant, through counsel, opposes the Government's request to admit evidence of Defendant Shaw's prior conviction pursuant to Rule 609 of the Federal Rules of Evidence. As grounds for this Motion, the defendant states:

1. The government filed an indictment on June 5, 2007, charging the defendant with two separate counts: Count One) Conspiracy to Possess With Intent to Distribute and to Distribute 50 Grams or More of Cocaine Base and 5 Kilograms or More of Cocaine in violation of 21 U.S.C. § 846; and Count Five) Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance and Aiding and Abetting, in violation of 21 U.S.C. § 856(a)(2) and 18 U.S.C. §2.

2. On October 17, 2007, the government filed, "Government's Motion Regarding Rule 609 Evidence For Defendant Gant." (*See* document number 84)[1]. Specifically, the government moves to "admit evidence of the facts of the cases which comprised Defendant Shaw's . . .

---

[1] Counsel assumes that the reference to co-defendant Gant was a typographical error. In the body of the motion, the government moves to admit evidence of Defendant Shaw's prior convictions.

convictions. . . ." on January 9, 2003. See Gov't Rule 609 Mot. at 1. The Government proffers that on that date, Mr. Shaw was convicted in Prince Georges County, Maryland of Possession with intent to Distribute Cocaine, Distribution of Cocaine and Possession of a Firearm During a Drug Trafficking Crime for offences that occurred on August 1, 2002 and that he was sentenced to 15 years incarcerations, with 10 years suspended and five years unsupervised probation. *Id.*

3. Counsel notes that the government has not provided defendant Shaw with certified copies of the conviction or any statements regarding the factual basis for the conviction.

4. The evidence is not admissible pursuant to Rule 609. First, Rule 609 addresses attacking the credibility of witnesses and applies only if Mr. Shaw chooses to testify at trial. Further, even if Mr. Shaw chooses to testify, evidence of "the facts of the cases which compromised" his prior conviction would not be admissible, as the government seems to assert. Rather, Rule 609 limits admissibility to evidence of the conviction itself. *See* F.R.E. 609. Most importantly, evidence of the prior conviction is not admissible because the prejudicial effect on Mr. Shaw far outweighs any probative value to admitting the evidence.

## SUPPORTING POINTS AND AUTHORITIES

Federal Rule of Evidence 609 provides, in part, that for the purpose of attacking the character for truthfulness of a witness:

> evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence

outweighs its prejudicial effect to the accused . . . .

F.R.E. 609(a)(1). The Rule specifically differentiates between regular witnesses and a defendant who chooses to testify on his own behalf in a criminal trial. Defendants, such as Mr. Shaw, are afforded additional protections under the Rule. *See Green v. Bock Laundry Machine Co.*, 490 U.S. 504 (1989) (civil witnesses may be impeached with evidence of prior felony convictions regardless of unfair prejudice; only the accused in a criminal case is protected by he Rule's unfair prejudice prong). Before admitting evidence of a defendant's prior conviction under Rule 609, the Court must affirmatively find that the probative value of the evidence outweighs the prejudicial effect to the accused.

Here, the government has not made any proffer regarding the probative value of admitting the suggested evidence. In contrast, there is an inevitable prejudicial impact when any defendant is impeached with a prior conviction. *See United States v. Lipscomb*, 702 F.2d 1049, 1063. In Mr. Shaw's case, the prejudicial effect of admitting evidence of a fairly recent conviction drug conviction is substantial and extreme.

In sum, the evidence is not admissible pursuant to Federal Rule of Evidence 609 because the probative value of the evidence does not outweigh its extreme prejudicial effect on Mr. Shaw.

## CONCLUSION

For the above stated reasons and any other reasons that may appear at a hearing on the government's request to admit evidence of Mr. Shaw's prior conviction pursuant to Rule 609, the defendant respectfully requests that the government's request be denied.

                        Respectfully submitted,

                        _____/s/_____
                        Andrea Antonelli
                        Counsel for Junior Shaw
                        Bar No. 450238
                        Suite 301
                        806 Seventh Street, NW
                        Washington, DC  2004
                        Telephone: 202-255-3654
                        Facsimile: 202-898-1991
                        e-mail:  apantonelli@verizon.net

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA, )
)
v. )
) Criminal No. 06-306(7) (EGS)
JUNIOR SHAW, )
)
    Defendant. )
_____)

ORDER

This matter comes before the Court on the Government's "Motion Regarding Rule 609 Evidence" filed on October 17, 2007. Upon consideration of the Government's Motion, the Defendant's Opposition, oral argument, and the entire record in this case, it is hereby:

ORDERED that the Government's Motion is DENIED.

It is FURTHER ORDERED, that the Government may not introduce evidence of Defendant Shaw's prior conviction pursuant to Rule 609.

_____                    _____
 Date                                                          Judge Emmet G. Sullivan

1