**FILED**
DEC 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 06-306 (EGS) |
| ) | |
| MICHAEL RICHARDS, et al. ) | |
| ) | |
| Defendants. ) | |

### ORDER

Pursuant to the status hearing held in open court on December 11, 2007, it is by the Court hereby

**ORDERED** that a motions hearing will be held in this case on **Tuesday, January 8, 2008 at 9:00 a.m.** in Courtroom 24A; and it is

**FURTHER ORDERED** that jury selection and trial are scheduled to commence on **Tuesday, January 15, 2008 at 9:00 a.m.** in Courtroom 24A; and it is

**FURTHER ORDERED** that the parties are directed to review the jury voir dire questions attached hereto (Attachment A), and confer in good faith in an effort to submit a joint list of any **additional** voir dire questions the parties wish to propose. Additional voir dire questions shall be submitted via email to **sullivan_chambers@dcd.uscourts.gov** in Word Perfect, not PDF format, by no later than **Monday, January 7, 2008 at 12:00 p.m.** If counsel are unable to agree on a joint list of additional voir

1

dire questions, counsel shall file individual lists of additional voir dire questions via email in Word Perfect, not PDF format, by no later than **Monday, January 7, 2008 at 12:00 p.m.** The parties shall also inform the Court if there are any of the listed standard voir dire questions in Attachment A they do not wish the Court to use or that they wish to change in some way and propose alternatives, as appropriate; and it is

**FURTHER ORDERED** that the parties are directed to confer in good faith in an effort to submit a joint, concise, neutral statement of the case to the Court via email in Word Perfect, not PDF format, by no later than **Monday, January 7, 2008 at 12:00 p.m.** If counsel are unable to agree on a statement of the case, counsel shall file individual proposed statements of facts, including a preliminary jury instruction regarding the defendant's theory of the case, via email in Word Perfect, not PDF format, by no later than **Monday, January 7, 2008 at 12:00 p.m.**; and it is

**FURTHER ORDERED** that the Court uses standard preliminary instructions that will be provided to the parties in advance of trial. For final jury instructions, the Court uses the latest addition (April 2007) of the Criminal Jury Instructions for the District of Columbia ("Red Book"). A list of the Court's standard final jury instructions is attached to this Order as Attachment B. The parties are directed to confer in good faith

in an effort to submit a joint list of any **additional** proposed final jury instructions to the Court via email in Word Perfect, not PDF format, by no later than **Monday, January 7, 2008 at 12:00 p.m.** If counsel are unable to agree on a joint list of proposed jury instructions, counsel shall file individual proposed jury instructions via email in Word Perfect, not PDF format, by no later than **Monday, January 7, 2008 at 12:00 p.m.** The parties may simply list any additional standard Red Book instructions by Red Book Instruction Number in their submission to the Court. The parties shall, however, include the full text of all substantive offense instructions and any additional proposed standard instructions not found in the Red Book. The parties shall also inform the Court if there are any of the listed standard instructions in Attachment B they do not wish the Court to use or that they wish to change in some way and propose alternatives, as appropriate.

    **SO ORDERED.**

Signed:   **Emmet G. Sullivan**
          **United States District Judge**
          **December 20, 2007**

## **ATTACHMENT A – LIST OF STANDARD VOIR DIRE QUESTIONS**

1. Have any of you heard about the alleged offenses that are charged in this case?

2. Do any of you live or work near the immediate area where the offenses are alleged to have occurred?

3. Do any of you know any of the attorneys or the defendant in this case?

4. [The government will then introduce its witnesses followed by the defendant introducing its witnesses. Law enforcement witnesses will be identified by their name, rank, and duty assignment. Lay witnesses by their name, address, and place of employment. Expert witnesses by their name, title, and place of employment.] Do any of you know any of the witnesses that have just been introduced to you?

The next several questions apply to each of you, members of your immediate family, and close friends.

5. Is anyone in that group either presently or previously employed by any law enforcement agency, or currently have pending at such an agency an application for employment? Law enforcement agency includes any police department, in or outside the District, special police officers, prosecutors' offices, Park Police, FBI, Department of Justice, Sheriffs' Departments, Secret Service or any other law enforcement agency.

6. Is any member of that group either presently or previously employed by a public defender office or by a criminal defense lawyer or group of criminal defense lawyers or investigators, or currently have pending an application for employment with such a person or organization?

7. Is any member of that group a lawyer or has any member of that group studied law in a law school or worked for or with a lawyer?

8. Has any member of that group within the past ten years, been either a victim of, or a witness to, any crime similar to the crimes charged, or either been arrested, charged with a crime, or convicted of any crime?

9. Have you or a member of your immediate family – either

4

personally or in connection with a business – been involved in any legal action or dispute with the United States, or any officers, employees, or agents of the United States?

10. (If law enforcement officer testimony expected) I will be instructing the jury at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because the witness is a law enforcement officer. Do any of you have such strong feelings about law enforcement, either positive or negative, that you would have difficulty following that instruction?

11. Would the nature of the charges, themselves, make it difficult for you to render a fair and impartial judgment in this case?

12. Is there anyone who feels that the defendant has to testify or present evidence before you could find him not guilty?

13. If selected as a juror, would anyone have difficulty accepting and applying the rule of law that the defendant is presumed innocent unless the government proves guilt beyond a reasonable doubt?

14. Does the fact that the defendant has been indicted and arrested make it difficult for anyone to presume he is innocent?

15. Does any panel member have such strong moral or religious convictions that it would prevent you from passing judgment on another person?

16. Does any panel member know any of the other members of the jury panel from before today?

17. Is there anyone suffering from any sight, hearing, or health problems that would make it difficult for you to give your full time and attention to this trial, and render a fair and impartial verdict?

18. Has any panel member ever served as a juror in the trial of a criminal case in federal court, a District of Columbia Court, or in a court located in another state?

19. I expect this case to take approximately <u>X days</u> to try.

        Does anyone have any pressing commitment that would make sitting on this jury an extreme hardship?

20.  Is there any reason you can think of, whether or not it has been covered by a previous question, why you could not sit fairly, attentively, or impartially as a juror in this case?

## **ATTACHMENT B – LIST OF STANDARD FINAL JURY INSTRUCTIONS**

These instructions come from the latest addition of the Criminal Jury Instructions for the District of Columbia ("Red Book").

General Instructions

| | |
|---|---|
| 2.01 | Function of the Court |
| 2.02 | Function of the Jury |
| 2.03 | Jury's Recollection Controls |
| 1.02(B) | Final Instruction When Notetaking is Permitted |
| 2.08 | Burden of Proof - Presumption of Innocence |
| 2.09 | Reasonable Doubt |
| 2.14 | Nature of Charges Not to be Considered |
| 2.04 | Evidence in Case [testimony, exhibits, stipulations] |
| 1.07 | Questions Not Evidence |
| 2.05 | Statements and Arguments of Counsel Not Evidence |
| 2.06 | Indictment Not Evidence |
| 2.07 | Inadmissible and Stricken Evidence |

Evaluation of Testimony and Other Evidence

| | |
|---|---|
| 2.10 | Direct and Circumstantial Evidence |
| 2.11 | Credibility of Witnesses |
| 2.26 | Law Enforcement Officer's Testimony |
| 2.27 | Right of Defendant Not to Testify (if applicable) |

Definitions, Proof, Offenses, Defenses

| | |
|---|---|
| 3.07 | On or about |
| 3.02 | Proof of State of Mind |

[Substantive Offense Instructions]

Closing Remarks

| | |
|---|---|
| 2.74 | Possible Punishment Not Relevant |
| 2.71 | Election of Foreperson |
| 2.72 | Unanimity of Verdict |
| 2.75 | Communications Between Court and Jury |
| 2.73 | Exhibits During Deliberations |
| 2.76 | Furnishing the Jury With the Instructions |